UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FRANCISCO MARTINEZ CAMPOS,<br><br>                    Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary Department of Homeland Security, et al.,<br><br>                    Respondents. | Case No.:  26-CV-3188 JLS (VET)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Juan Francisco Martinez Campos's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 6).  Petitioner has resided in the United States "for many years" and alleges that he has been detained since May 5, 2026, when he was arrested on his way home from work.  Pet. at 6–7.  Petitioner claims that he is entitled to release and a bond hearing. *Id.* at 11.

Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D.

Cal. Nov. 25, 2025).[1]  Ret. at 1.  Respondents acknowledge that, while *Bautista* is stayed, "prior orders from this District direct[] bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases."  *Id.* at 1–2.  Respondents "therefore do not oppose an Order requiring such a hearing for Petitioner."  *Id.* at 2.  Therefore, the Petition (ECF No. 1) is **GRANTED IN PART**.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance.  Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.

The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing by <u>June 19, 2026</u>.  The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  May 29, 2026

Hon. Janis L. Sammartino
United States District Judge

---

[1] On March 6, 2026, the Ninth Circuit granted an administrative stay of the *Bautista* decision "insofar as the district court's judgment extends beyond the Central District of California."  *Maldonado Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044, ECF No. 5 (9th Cir. March 6, 2026).  Therefore, the Court resolves the Petition without reliance on *Maldonado Bautista*.

26-CV-3188 JLS (VET)